Good morning. May it please the court, I represent appellant Michael Stark, who applied for disability and was turned down. And in the judge's decision in turning him down, he specified a residual functional capacity to light work, and only light work. He didn't specifically identify the non-exertional limitations that Mr. Stark had, and Mr. Stark had significant non-exertional limitations. By not doing so, he deprives his court of the basis for knowing what he used in his decision. He doesn't tell the court whether or not he accepted the limitations to no overhead work or limitations to no repetitive or excessive use of the hands. But he does allude to further non-exertional limitations, but he never names them. Let me ask you this, because when I went through the transcript and the material, it seems as if the ALJ incorporated into his hypotheticals every limitation, exertional or non-exertional, that had been identified by the medical sources and by Mr. Stark himself. It wasn't clear to me that anything had been left out from his hypothetical. So is there something that you can point to me that was left out? No, Your Honor. Even if he didn't include all of the different scenarios in his hypothetical question, it doesn't provide this court a basis of knowing which one of those hypotheticals he accepted, because the hypotheticals were conflicting. So it's anybody's guess on which one he accepted. How were they conflicting? Because I thought the vocational expert was asked to provide jobs that the person with all of those limitations could do. Well, he was asked individually, hypothetical by hypothetical, for jobs that he could do. And one hypothetical, hypothetical number three, there was no specific manipulation limitations at all. And this is on a man with a limitation to no overhead reaching and a limitation to no repetitive gripping or grasping. So those two things conflict. So are you suggesting that the vocational expert's recommendation of those three jobs conflicts with one of the hypotheticals? Well, yes. The fact that the vocational witness's testimony conflicts with the hypotheticals, except for hypothetical number one and number three. OK. And because the judge had an affirmative duty to ask about this conflict and he didn't, he violated Social Security Ruling 004-P and the case of Massachi, which puts on the ALJ the affirmative duty to ask. OK. All of the jobs that the VE identified require frequent reaching and frequent handling. Could I, let me just make sure I understand, because that seems to be your second point. Yes. Let me make sure I understand your first point, that the hypotheticals, although they incorporated all of the medical sources in Mr. Stark's limitations, they didn't put them all together in one hypothetical. Is that correct? That's correct. There are six distinct hypotheticals. And if all of the limitations had been put together, you think that the VE would have had to provide a different conclusion. Is that your argument? Yes, Your Honor, effectively. The ALJ had to identify one particular residual functional capacity, including the non-exertion limitations, and then he had to specifically ask the VE about the conflict between the frequent reaching and handling and the three jobs that the VE specified, which all require frequent reaching and handling. OK. And so you're, I'm trying to understand what the prejudice was from the first error, or is it really just one argument that you're making, that the ALJ didn't identify or didn't include all of the limitations, and therefore the VE's identification of jobs was incorrect? It's, they flow together, OK? Because he didn't identify specifically the limitations, then there's no way to know which hypothetical he relied on. And without knowing the hypothetical he relied on, we don't know whether he had a duty to ask the VE additional questions about the conflict with the reaching and handling and the three jobs he named. In terms of the disability, what would you say is the principal characteristic of his disability? I think it's the non-exertion limitations, Your Honor. No, but I mean, is it the carpal tunnel on his hands, or what is it? Well, it's the combination of the carpal tunnel and the problem with his neck. Can you explain a little bit how they work together? Well, with the neck and the carpal tunnel, he has a limited range of motion of his arms. He can't work out above his shoulder level, OK? And with the carpal tunnel, he has a limitation to his hands, that he can't do repetitive work with his hands, he can't do frequent or he can't do gripping and grasping and torquing. So those are all required of the three jobs that the VE named. Before the ALJ, I often see when I read these transcripts that the attorney for the claimant raises another hypothetical or points out to the ALJ that there's some inconsistency between what the VE said and the medical record. I didn't see that in this case. And our case law, Menal, I think is the case name, says if the claimant fails to raise this argument to the ALJ, then it's waived and we can't address it. How do we deal with that waiver problem? Well, Your Honor, it's the ALJ's duty after the claimant has proven that he can't do his past relevant work to show that there's other work that he can do. And Mr. Stark has met his duty, so it's up to the ALJ to do the rest of the questioning of the VE. So I think that the counsel at the hearing did the right thing. He basically only asked one question, and that was to specify that the six questions were separate. Do you want to save the rest of your time? Yes, I do. Thank you. May it please the Court. Jeffrey Chen, appearing on behalf of Commissioner Michael J. Astru. Judge Yakut, I'd like to start by answering your question in that you are correct in that the representative attorney at the administrative hearing did not ask about any inconsistencies between the hypotheticals, because indeed there was none. The ALJ in this case took every single medical evidence from various physicians, treating physician, Dr. Bloomberg, two consultative examining physicians, a medical expert which testified at the administrative hearing and presented all of their opinions separately to the vocational expert. With each of these combinations, the vocational expert testified that claimant would not be disabled because a significant number of jobs would be available for claimant to perform in the national economy. Tellingly, claimant focuses on any technical error but does not focus on actual prejudice in that he talks about how the ALJ did not tell the Court what limitations he accepted, but it would not have mattered. Under any of those hypotheticals, claimant was not disabled. In fact, the hypotheticals were very consistent. The claimant does not challenge the ALJ's substantive evaluation of the medical evidence because there was nothing to challenge. All the medical evidence pointed to non-disability. I would also like to address claimant's second point, which is that there's an alleged conflict between the DOT and the jobs the vocational expert identified. Namely, claimant points to frequent reaching and handling, but does not actually explain how these jobs conflicted. He only brings up a little discussion in the reply brief, talking about no power tools, repetitive motion, or excessive use of the hands. But these do not conflict with the more general DOT categories of frequent reaching and handling. For example, it is obvious that frequent reaching does not require frequent reaching and use of power tools. One of the jobs identified, for example, is survey workers, which presumably would involve the exchange of papers and data and would not have anything to do with power tools. With regards to repetitive motion, these jobs do not require claimant to perform any conveyor belt work or anything else that would indicate a repetitive motion. And finally, regarding excessive use of the hands, frequent reaching and handling is defined as reaching or handling from one-third to two-thirds of the time during the day. The vocational expert did not identify any jobs requiring constant reaching or handling. Thus, claimant has not identified any conflict and furthermore, does not explain how any of the physicians, in fact, if you take any one of them, found claimant not disabled as testified by the vocational expert. Therefore, the substantial evidence supports the ALJ's decision that claimant was not disabled and not entitled to disability insurance benefits. Does the panel have any further questions? I have no questions. Thank you.  Thank you, Your Honors. It's the DOT that specifies that the reaching and handling on these three jobs is frequent. That's a given, okay? And four of the six hypotheticals preclude frequent reaching or handling. So there's a conflict. That's a given. The ALJ had the duty to inquire about that conflict and he didn't do it. So reaching and handling are just two of the limitations that Mr. Stark has, but they're major limitations. Okay. I have nothing further. Thank you. Thank you. All right. The case of Stark v. Astru is submitted. The case of Cyclone v. Cy Kim is submitted on the briefs. And the case of United States v. Ortiz-Valdez is submitted on the briefs. So we'll next hear the case of Demetrios-Filler v. Toyota Motor Corporation.
judges: Noonan, Gould, Ikuta